IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of James T. H. Deaver, as EXECUTOR OF THE ESTATE OF BRENT SIKKEMA, deceased, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | ) ) ) ) Case No. _____ ) ) ) |

## *EX PARTE* APPLICATION FOR AN ORDER PURSUANT TO 28 U.S.C. § 1782 TO CONDUCT DISCOVERY FOR USE IN FOREIGN PROCEEDINGS

Petitioner, James T. H. Deaver, as Executor of the Estate of Brent Sikkema ("**Petitioner**"), respectfully asks this Court to grant the Order, attached as "**Exhibit A**" to this Application, giving Petitioner leave, pursuant to 28 U.S.C. § 1782 and Rules 26 and 45 of the Federal Rules of Civil Procedure, to serve The Western Union Company; Charter Communications, Inc.; Google LLC; and Yahoo Inc. (the "**Subpoenaed Entities**") with the subpoenas attached as **Exhibits B through E** to this Application, and in support thereof states as follows:

This Application is brought by Petitioner in connection with his fiduciary obligations as the Executor of the Estate of Mr. Brent Sikkema (the "**Decedent**"). The purpose of this Application is to obtain necessary discovery in aid of probate proceedings ("**Brazilian Probate Proceedings**") and a criminal investigation in Brazil that arose from the Decedent's brutal murder on January 14, 2024, in Rio De Janeiro, Brazil. *See* Memorandum of Law in Support of *Ex Parte* Application for an Order to Conduct Discovery for Use in Foreign Proceedings Pursuant to 28 U.S.C. § 1782, at pp. 1–3 (filed contemporaneously herewith).

The detailed criminal investigation by the Brazilian authorities has revealed that the Decedent was stabbed eighteen times in the face and chest, and was later discovered and declared dead on January 15, 2024. *Id.* at 1. The Decedent's surviving husband, Mr. Daniel Sikkema

("**Daniel**"), was identified and charged in Brazil for murder with special circumstances because Daniel hired a contract killer to murder the Decedent. *Id.* According to the Brazilian investigation, Daniel further facilitated the Decedent's murder from New York by sending the killer a key to the Decedent's Brazilian residence so he could execute the murder. *Id.* Daniel and the killer further jointly planned the murder through WhatsApp while Daniel was at all times in New York. *Id.* The Brazilian authorities' conclusions were based on, *inter alia*, the murderer's confession, telephone records, internet records, chats and messages exchanged between Daniel and the murderer, forensic reports, witness testimony, and expert analysis. *Id.* The Brazilian authorities also identified periodic payments from Daniel to the killer which comprise the alleged payments for the contracted murder. *Id.*

Prior to the Decedent's murder, Daniel and the Decedent were in the midst of a contentious divorce, which included a custody dispute over their minor child and a demand that Decedent pay Daniel $6 million. *Id.* Decedent reported to others that he was afraid that Daniel would kill him. *Id.* Daniel has now been formally charged for being the mastermind of Decedent's murder. *Id.* at 2. An arrest warrant for Daniel, who resides in New York, has been issued, as has an Interpol Red Notice identifying Daniel as a suspect wanted for the murder of Decedent. *Id.* The criminal case in Brazil remains pending. *Id.*

In parallel with the criminal case (the "**Brazilian Criminal Proceedings**"), the Brazilian Probate Proceedings are underway. *Id.* In the probate proceedings and in accordance with the Decedent's last will and testament in Brazil, Mr. Cláudio Costa is acting as the executor of Decedent's Brazilian estate. *Id.* Decedent's Brazilian will disinherited Daniel and, with a few exceptions, left everything he had to be held in trust for their son. *Id.* A key part of the Brazilian Probate Proceedings will be an inventory of the Decedent's Brazilian assets, all of which the

Decedent's minor son should inherit. *Id.* at 3. In that regard, Petitioner intends to ensure that any assets that properly belong to the Decedent's estate are accurately investigated and identified. *Id.* Such intent is consistent with Petitioner's obligation to marshal, inventory, and ensure the proper distribution of the Decedent's properties. *Id.* This is especially true given the fact that Daniel has intervened in the proceeding to assert spousal rights, arguing that Decedent could not have designated his son as the sole inheritor of his Brazilian properties. *Id.* at 2. Daniel's Brazilian attorney, Fabiana Marques, has also petitioned the Brazilian Courts to have Daniel named as the Decedent's Brazilian executor, notwithstanding that Mr. Costa was named in the Decedent's will. *Id.* To add insult to injury, Daniel brazenly asserted claims to the Decedent's Brazilian properties and filed notice of his intent to claim a right of election against the Estate of Brent Sikkema in the United States (Decedent's U.S. will likewise disinherited Daniel). *Id.* Due to these actions, and the fact that Daniel relied entirely on the Decedent's income to support his lifestyle, Petitioner is concerned that Daniel may have stolen or otherwise transferred funds properly belonging to the Decedent. *Id.* at 3. Those funds may have been transferred to Brazil, used to pay the contract killer, or to make unknown attempts to hire someone to murder the Decedent. *Id.*

  Considering the foregoing, Petitioner seeks discovery from the Subpoenaed Entities relating to money transfers made by Daniel prior to Decedent's death and email and IP addresses used by Daniel in connection with planning the murder. As an interested person, Petitioner intends to use the discovery sought in support of the Brazilian Probate and Criminal Proceedings. Based upon the Declaration of Gonzalo S. Zeballos, the Declaration of James T. H. Deaver, the exhibits attached thereto, and the accompanying Memorandum of Law to this Application, Petitioner respectfully requests that the Court grant this Application *ex parte*.

### A. The Discovery Sought

In connection with those actual proceedings, Petitioner seeks discovery from The Western Union Company; Charter Communications, Inc.; Google LLC; and Yahoo Inc. relating to: (i) money transfers made by Daniel to individuals prior to Decedent's death; (ii) email addresses used by Daniel in connection with planning the murder; and (iii) documents concerning IP addresses used by Daniel in connection with planning the murder.

### B. Petitioner's Application Should Be Granted

Petitioner meets all the statutory criteria for the issuance of an order allowing the requested discovery under 28 U.S.C. § 1782. The Subpoenaed Entities are located in this District. Petitioner seeks to use the documents he requests from the Subpoenaed Entities in existing proceedings before foreign tribunals. Petitioner is an "interested person" per the statute because he has a fiduciary duty to ensure the proper administration of the Decedent's estate in Brazil. Petitioner will use the discovery sought from the Subpoenaed Entities to provide evidence in furtherance of the Brazilian Probate and Criminal Proceedings. Moreover, as set forth in Petitioner's Memorandum of Law filed concurrently herewith, all the discretionary factors that this Court may consider likewise favor granting this *ex parte* application. *See Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241, 264–65 (2004) (describing those discretionary factors).

Accordingly, Petitioner respectfully requests that the Court (a) grant the Application for Order to Conduct Discovery in Foreign Proceedings *Ex Parte*; (b) enter the Proposed Order; (c) grant Petitioner leave, pursuant to 28 U.S.C. § 1782, to serve the subpoenas attached to this Application as Exhibits B through E; and (d) grant any and all other further relief to Petitioner as deemed just and proper.

| | |
|---|---|
| Dated:  January 9, 2025 | BAKER & HOSTETLER LLP<br><br>/s/  *Jeffrey J. Lyons*<br>Jeffrey J. Lyons (#6437)<br>1201 North Market Street, Suite 1407<br>Wilmington, DE 19801<br>(302) 407-4222<br>jjlyons@bakerlaw.com<br><br>*Attorneys for James T. H. Deaver, as Executor of the Estate of Brent Sikkema* |

5