Exhibit B

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

# UNITED STATES DISTRICT COURT
for the

District of Delaware

In re Ex Parte Application of James T. H. Deaver, as EXECUTOR OF THE ESTATE OF BRENT SIKKEMA, deceased, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings,

*Plaintiff*

v.

*Defendant*

)
)
)
)
)
)

Civil Action No.

## SUBPOENA TO PRODUCE DOCUMENTS, INFORMATION, OR OBJECTS
## OR TO PERMIT INSPECTION OF PREMISES IN A CIVIL ACTION

To: The Western Union Company, c/o The Corporation Trust Company, Corporation Trust Center, 1209 Orange Street, Wilmington, Delaware 19801

*(Name of person to whom this subpoena is directed)*

☒ *Production:* **YOU ARE COMMANDED** to produce at the time, date, and place set forth below the following documents, electronically stored information, or objects, and to permit inspection, copying, testing, or sampling of the material:

See attached Exhibit A.

| Place: Baker & Hostetler LLP, Attn: Jeffrey J. Lyons, 1201 N. Market Street, Suite 1407, Wilmington, Delaware 19801 | Date and Time: Within 20 days after service |
|---|---|

☐ *Inspection of Premises:* **YOU ARE COMMANDED** to permit entry onto the designated premises, land, or other property possessed or controlled by you at the time, date, and location set forth below, so that the requesting party may inspect, measure, survey, photograph, test, or sample the property or any designated object or operation on it.

| Place: | Date and Time: |
|---|---|

The following provisions of Fed. R. Civ. P. 45 are attached – Rule 45(c), relating to the place of compliance; Rule 45(d), relating to your protection as a person subject to a subpoena; and Rule 45(e) and (g), relating to your duty to respond to this subpoena and the potential consequences of not doing so.

Date: _____

CLERK OF COURT

OR

_____
*Signature of Clerk or Deputy Clerk*

*/s/ Jeffrey J. Lyons*
_____
*Attorney's signature*

The name, address, e-mail address, and telephone number of the attorney representing (name of party) James T. H. Deaver, as EXECUTOR OF THE ESTATE OF BRENT SIKKEMA, who issues or requests this subpoena, are: Jeffrey J. Lyons, Baker & Hostetler LLP, 1201 N. Market Street, Suite 1407, Wilmington, Delaware 19801, jjlyons@bakerlaw.com, 302-407-4222

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action

**Notice to the person who issues or requests this subpoena**

If this subpoena commands the production of documents, electronically stored information, or tangible things or the inspection of premises before trial, a notice and a copy of the subpoena must be served on each party in this case before it is served on the person to whom it is directed. Fed. R. Civ. P. 45(a)(4).

AO 88B (Rev. 02/14) Subpoena to Produce Documents, Information, or Objects or to Permit Inspection of Premises in a Civil Action (Page 2)

Civil Action No.

## PROOF OF SERVICE
### *(This section should not be filed with the court unless required by Fed. R. Civ. P. 45.)*

I received this subpoena for *(name of individual and title, if any)* _____

on *(date)* _____

☐ I served the subpoena by delivering a copy to the named person as follows: _____

_____

_____ on *(date)* _____ ; or

☐ I returned the subpoena unexecuted because: _____

_____

Unless the subpoena was issued on behalf of the United States, or one of its officers or agents, I have also
tendered to the witness the fees for one day's attendance, and the mileage allowed by law, in the amount of

$ _____

My fees are $ _____ for travel and $ _____ for services, for a total of $ 0.00 _____

I declare under penalty of perjury that this information is true.

Date: _____                    _____

                                                                *Server's signature*

                                          _____

                                                                *Printed name and title*

                                          _____

                                                                *Server's address*

Additional information regarding attempted service, etc.:

# Federal Rule of Civil Procedure 45 (c), (d), (e), and (g) (Effective 12/1/13)

**(c) Place of Compliance.**

**(1)** *For a Trial, Hearing, or Deposition.* A subpoena may command a person to attend a trial, hearing, or deposition only as follows:
**(A)** within 100 miles of where the person resides, is employed, or regularly transacts business in person; or
**(B)** within the state where the person resides, is employed, or regularly transacts business in person, if the person
**(i)** is a party or a party's officer; or
**(ii)** is commanded to attend a trial and would not incur substantial expense.

**(2)** *For Other Discovery.* A subpoena may command:
**(A)** production of documents, electronically stored information, or tangible things at a place within 100 miles of where the person resides, is employed, or regularly transacts business in person; and
**(B)** inspection of premises at the premises to be inspected.

**(d) Protecting a Person Subject to a Subpoena; Enforcement.**

**(1)** *Avoiding Undue Burden or Expense; Sanctions.* A party or attorney responsible for issuing and serving a subpoena must take reasonable steps to avoid imposing undue burden or expense on a person subject to the subpoena. The court for the district where compliance is required must enforce this duty and impose an appropriate sanction—which may include lost earnings and reasonable attorney's fees—on a party or attorney who fails to comply.

**(2)** *Command to Produce Materials or Permit Inspection.*
**(A)** *Appearance Not Required.* A person commanded to produce documents, electronically stored information, or tangible things, or to permit the inspection of premises, need not appear in person at the place of production or inspection unless also commanded to appear for a deposition, hearing, or trial.
**(B)** *Objections.* A person commanded to produce documents or tangible things or to permit inspection may serve on the party or attorney designated in the subpoena a written objection to inspecting, copying, testing, or sampling any or all of the materials or to inspecting the premises—or to producing electronically stored information in the form or forms requested. The objection must be served before the earlier of the time specified for compliance or 14 days after the subpoena is served. If an objection is made, the following rules apply:
**(i)** At any time, on notice to the commanded person, the serving party may move the court for the district where compliance is required for an order compelling production or inspection.
**(ii)** These acts may be required only as directed in the order, and the order must protect a person who is neither a party nor a party's officer from significant expense resulting from compliance.

**(3)** *Quashing or Modifying a Subpoena.*
**(A)** *When Required.* On timely motion, the court for the district where compliance is required must quash or modify a subpoena that:
**(i)** fails to allow a reasonable time to comply;
**(ii)** requires a person to comply beyond the geographical limits specified in Rule 45(c);
**(iii)** requires disclosure of privileged or other protected matter, if no exception or waiver applies; or
**(iv)** subjects a person to undue burden.
**(B)** *When Permitted.* To protect a person subject to or affected by a subpoena, the court for the district where compliance is required may, on motion, quash or modify the subpoena if it requires:
**(i)** disclosing a trade secret or other confidential research, development, or commercial information; or

**(ii)** disclosing an unretained expert's opinion or information that does not describe specific occurrences in dispute and results from the expert's study that was not requested by a party.
**(C)** *Specifying Conditions as an Alternative.* In the circumstances described in Rule 45(d)(3)(B), the court may, instead of quashing or modifying a subpoena, order appearance or production under specified conditions if the serving party:
**(i)** shows a substantial need for the testimony or material that cannot be otherwise met without undue hardship; and
**(ii)** ensures that the subpoenaed person will be reasonably compensated.

**(e) Duties in Responding to a Subpoena.**

**(1)** *Producing Documents or Electronically Stored Information.* These procedures apply to producing documents or electronically stored information:
**(A)** *Documents.* A person responding to a subpoena to produce documents must produce them as they are kept in the ordinary course of business or must organize and label them to correspond to the categories in the demand.
**(B)** *Form for Producing Electronically Stored Information Not Specified.* If a subpoena does not specify a form for producing electronically stored information, the person responding must produce it in a form or forms in which it is ordinarily maintained or in a reasonably usable form or forms.
**(C)** *Electronically Stored Information Produced in Only One Form.* The person responding need not produce the same electronically stored information in more than one form.
**(D)** *Inaccessible Electronically Stored Information.* The person responding need not provide discovery of electronically stored information from sources that the person identifies as not reasonably accessible because of undue burden or cost. On motion to compel discovery or for a protective order, the person responding must show that the information is not reasonably accessible because of undue burden or cost. If that showing is made, the court may nonetheless order discovery from such sources if the requesting party shows good cause, considering the limitations of Rule 26(b)(2)(C). The court may specify conditions for the discovery.

**(2)** *Claiming Privilege or Protection.*
**(A)** *Information Withheld.* A person withholding subpoenaed information under a claim that it is privileged or subject to protection as trial-preparation material must:
**(i)** expressly make the claim; and
**(ii)** describe the nature of the withheld documents, communications, or tangible things in a manner that, without revealing information itself privileged or protected, will enable the parties to assess the claim.
**(B)** *Information Produced.* If information produced in response to a subpoena is subject to a claim of privilege or of protection as trial-preparation material, the person making the claim may notify any party that received the information of the claim and the basis for it. After being notified, a party must promptly return, sequester, or destroy the specified information and any copies it has; must not use or disclose the information until the claim is resolved; must take reasonable steps to retrieve the information if the party disclosed it before being notified; and may promptly present the information under seal to the court for the district where compliance is required for a determination of the claim. The person who produced the information must preserve the information until the claim is resolved.

**(g) Contempt.**
The court for the district where compliance is required—and also, after a motion is transferred, the issuing court—may hold in contempt a person who, having been served, fails without adequate excuse to obey the subpoena or an order related to it.

For access to subpoena materials, see Fed. R. Civ. P. 45(a) Committee Note (2013).

## EXHIBIT A

## DEFINITIONS

1.      The word "document(s)" includes all "writings," "recordings," and

"photographs," as those terms are defined in Rule 1001 of the Federal Rules of Evidence and

should be construed in the broadest sense permissible.  Accordingly, "document(s)" includes,

but is not limited to, all written, printed, recorded or graphic matter, photographic matter,

sound reproductions, or other retrievable data (whether recorded, taped, or coded

electrostatically, electromagnetically, optically or otherwise on hard drive, diskette, compact

disk, primary or backup tape, audio tape or video tape) from whatever source derived and

however and by whomever prepared, produced, reproduced, disseminated or made.  Without

limiting the generality of the foregoing, "document(s)" includes the original and any non-

identical copy and also every draft and proposed draft of all correspondence, internal

memoranda, notes of meetings, telegrams, telexes, facsimiles, electronic mail, reports,

transcripts or notes of telephone conversations, diaries, notebooks, minutes, notes, tests,

reports, analyses, studies, testimony, speeches, worksheets, maps, charts, diagrams, computer

printouts, and any other writings or documentary materials of any nature whatsoever, whether

or not divulged to other parties, together with any attachments thereto and enclosures

therewith.  In addition, the word "document(s)" encompasses electronically stored

information ("ESI") including but not limited to "email," "voice mail," "text messages,"

digital images and graphics, digital or analog audiotapes and files, and digital or analog

videotapes and files.

2.      The word "person(s)" includes not only natural persons, but also firms,

partnerships, associations, corporations, subsidiaries, divisions, departments, joint ventures,

proprietorships, syndicates, trusts, groups, and organizations; federal, state, or local

governments or government agencies, offices, bureaus, departments, or entities; other legal,

business or government entities; and all subsidiaries, affiliates, divisions, departments, branches, and other units thereof or any combination thereof.

3.      As used herein, any reference to any "person" includes the present and former officers, executives, partners, directors, trustees, employees, attorneys, agents, representatives, and all other persons acting or purporting to act on behalf of the person and also its subsidiaries, affiliates, divisions, and predecessors and successors in interest.

4.      The term "concerning" means relating to, referring to, describing, evidencing, or constituting.

5.      The term "you" and "your" refers to The Western Union Company and its Affiliated Persons, including but not limited to any predecessor or successor thereof.

6.      The term the "Decedent" refers to Mr. Brent Sikkema, who was murdered on January 14, 2024 in Rio De Janeiro, Brazil in a murder-for-hire plot mastermind by the Decedent's estranged husband.

7.      The term "Daniel" refers to Mr. Daniel Sikkema, Decedent's surviving husband who was charged with the Decedent's murder, and his Affiliated Persons. Daniel hired a contract killer to murder the Decedent, and the killer and Daniel jointly planned the murder while Daniel was at all times in New York.

8.      The term, "Mainer" refers to Pedro Luis Mainer, an alias and/or straw man used by Daniel.

9.      The term "Affiliated Person(s)" includes all employees, officers, executives, consultants, partners, agents (whether legal or natural persons), representatives, affiliated entities, subsidiaries, parent entities, or related entities, nominees, and servants.

## **INSTRUCTIONS**

1.      Any document produced in response to this subpoena should be produced in full, complete, and unedited form, together with all drafts and non-identical copies of each,

2

and in reasonably accessible electronic form, if practicable.

2.      Whenever the information requested is not readily available in the form requested but is available, or can more easily be made available in a different form, you may make the information available in such different form, provided that the information requested is readily intelligible in such different form made available by you.

3.      Whenever a Request calls for 'documents sufficient to' provide certain information, you may at your option respond, in lieu of producing documents, by a written statement of that information verified by you or your representative.

4.      Each Request should be construed so as to make the Request inclusive rather than exclusive.  Thus, for example, words importing the masculine gender may be applied to females and vice versa.

5.      If you object to a Request, state the legal and factual basis for the objection, describe the information or documents that you propose to withhold pursuant to that objection, and fully answer all portions of the Request not objected to.

6.      If you refuse to respond to any Request, or any subpart thereof, on the ground of privilege or attorney work product doctrine, provide the following information in writing at the time of your response to these Requests:

      a.  Identify the nature of the privilege (including work product) which is being claimed and, if the privilege is governed by state law, indicate the state's privilege rule being invoked.

      b.  For documents (including electronically stored information), provide (i) the type of document, e.g., letter, email, or memorandum; (ii) the general subject matter of the document; (iii) the date of the document; and (iv) the author of the document, the addressees of the document, and any other recipients, and, where not apparent, the relationship of the author,

addressees, and recipients to each other.

    c. For oral communications, provide (i) the name of the person making the communication and the names of persons present while the communication was made and, where not apparent, the relationship of the persons present to the person making the communication; (ii) the date and place of communication; and (iii) the general subject matter of the communication.

7.    The terms "all," "any," and "each" must each be construed as encompassing any and all.

8.    The connectives "and" and "or" must be construed either disjunctively or conjunctively as necessary to bring within the scope of the discovery request all responses that might otherwise be construed to be outside of its scope.

9.    Unless otherwise specified below, the relevant time period for the following Requests is from January 1, 2023 to the present.

10.    In accordance with Federal Rule of Civil Procedure 26(e), these Requests are to be deemed continuing in nature, so as to require further and supplemental responses as you receive or identify additional information or documents between the time of your response and the time of trial in this case. If at any time you obtain information or knowledge that the response to any of these Requests was not true and correct or was incomplete when given, you shall serve true and correct responses to those Requests within 10 days following the date upon which such information or knowledge was first obtained, but not later than the time of trial in this case.

## **DOCUMENT REQUESTS**

YOU are hereby requested to produce the following:

1.    All documents concerning any money transfers made by Daniel to any

individual or entity, including domestic and international transfers, during the relevant time period.

      2.     All documents concerning any money transfers made by Mainer to any individual or entity, including domestic and international transfers, during the relevant time period.