IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of James T. H. Deaver, as EXECUTOR OF THE ESTATE OF BRENT SIKKEMA, deceased, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | ) ) ) ) Case No. _____ ) ) ) ) |

**MEMORANDUM OF LAW IN SUPPORT OF *EX PARTE*
APPLICATION FOR AN ORDER TO CONDUCT DISCOVERY FOR
USE IN FOREIGN PROCEEDINGS PURSUANT TO 28 U.S.C. § 1782**

Dated: January 9, 2025

BAKER & HOSTETLER LLP
Jeffrey J. Lyons (#6437)
1201 N. Market Street, Suite 1407
Wilmington, DE 19801
(302) 407-4222
jjlyons@bakerlaw.com

*Attorneys for James T. H. Deaver, As Executor of the Estate of Brent Sikkema*

- i -

## **TABLE OF CONTENTS**

                              **Page**

INTRODUCTION AND FACTUAL BACKGROUND ................................................................1

DISCOVERY TO BE REQUESTED ................................................................................................3

ARGUMENT .....................................................................................................................................4

I.     PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782 ..............................................................................................................................5

II.    THE COURT SHOULD GRANT THE PROPOSED DISCOVERY ORDER ...................6

III.   THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE* .............9

CONCLUSION ..................................................................................................................................9

# TABLE OF AUTHORITIES

**Page(s)**

**Cases**

*In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proc.*,
No. 13 Misc. 397, 2014 WL 7232262 (S.D.N.Y. Dec. 10, 2014), *aff'd sub nom. Gorsoan Ltd. v. Bullock*, 652 F. App'x 7 (2d Cir. 2016) ..................................................9

*In re Batbold*,
No. 21-MC-218, 2021 WL 4596536 (S.D.N.Y. Oct. 6, 2021), *aff'd*, No. 21-MC-218, 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023) ............................................................8

*In re CI Invs. Inc.*,
No. 23 Misc. 434, 2023 WL 8643965 (S.D.N.Y. Dec. 14, 2023) ..............................................8

*In re Ex Parte Application of Eni S.p.A. for an Ord. Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*,
No. 20-MC-334-MN, 2021 WL 1063390 (D. Del. Mar. 19, 2021)...........................................7

*In re Ex Parte Application of Porsche Automobile Holding SE for an Ord. Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*,
No. 15-mc-417, 2016 WL 702327 (S.D.N.Y. Feb. 18, 2016) ...............................................7, 9

*In re FourWorld Cap. Mgmt. LLC*,
No. CV 23-1460-GBW, 2024 WL 1637400 (D. Del. Apr. 16, 2024) ...............................4, 7, 8

*In re Ibiuna Credito Gestao de Recursos Ltda.*,
No. 3:24-MC-24-D-BN, 2024 WL 4309481 (N.D. Tex. Aug. 8, 2024), *report and recommendation adopted sub nom. In re Application of Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-MC-024-D, 2024 WL 4314985 (N.D. Tex. Sept. 26, 2024)................................................................................................5, 6, 8

*Intel Corp. v. Advanced Micro Devices, Inc.*,
542 U.S. 241 (2004).................................................................................................................6, 7

*In re Mota*,
No. 19-mc-369, 2020 WL 95493 (D. Del. Jan. 8, 2020) ............................................................9

*In re Pimenta,*
942 F. Supp. 2d 1282 (S.D. Fla. 2013), *adhered to sub nom. In re de Melo Pimenta*, No. 12-24043-MC, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013) ....................6, 8

*Schmitz v. Bernstein Liebhard & Lifshitz, LLP*,
376 F.3d 79 (2d Cir. 2004).........................................................................................................6

*SPS Corp I, Fundo de Investimento em Direitos Creditorios Nao Padronizados v. Gen. Motors Co.*,
   110 F.4th 586, 590–91 (3d Cir. 2024) ..........................................................................................5

**Statutes**

28 U.S.C. § 1782........................................................................................................... *passim*

28 U.S.C. § 1782(a) ...........................................................................................................4, 6, 7

Petitioner, James Deaver, as Executor of the Estate of Brent Sikkema ("**Petitioner**"), respectfully submits this memorandum of law in support of his application for an order, pursuant to 28 U.S.C. § 1782, to conduct discovery for use in aid of a foreign proceeding.

## INTRODUCTION AND FACTUAL BACKGROUND

Petitioner brings this Application in connection with his fiduciary obligations as Executor of the Estate of Mr. Brent Sikkema (the "**Decedent**"). The Decedent was brutally murdered in Rio De Janeiro on January 14, 2024. *See* Declaration of James T. H. Deaver (the "Deaver Decl.") ¶ 5. Stabbed eighteen times in the face and chest, the Decedent was discovered and declared dead by the Brazilian authorities on January 15, 2024. *Id.* Following the completion of a detailed investigation by the Brazilian law enforcement authorities, the Decedent's surviving husband, Mr. Daniel Sikkema ("**Daniel**"), was identified and charged in Brazil with murder with special circumstances because Daniel hired a contract killer to murder the Decedent. *Id.* ¶ 6. According to the Brazilian investigation, Daniel further facilitated the Decedent's murder from New York by sending the killer a key to the Decedent's Brazilian residence so he could execute the murder. *Id.* ¶ 7. Daniel and the killer further jointly planned the murder through WhatsApp while Daniel was at all times in New York. *Id.* Additionally, the Brazilian authorities were also able to identify periodic payments sent from Daniel to the killer to help execute the murder. *Id.*

The Brazilian authorities' conclusions are based, *inter alia*, on the murderer's confession, telephone records, internet records, chats and messages exchanged between Daniel and the murderer, forensic reports, witness testimony, and expert analysis. *Id.* ¶ 8. The motivation behind the murder was marital strife—Daniel and the Decedent were in the midst of a contentious divorce, which included disputes over custody of the minor child and a demand that Decedent pay Daniel $6 million. *Id.* ¶ 9. Decedent reported to others that he was afraid that Daniel would kill him— tragically, his worst fear came true. *Id.*

Daniel has been formally charged in Brazil for masterminding of Decedent's murder. *Id.* ¶ 10. The criminal case in Brazil remains pending. *Id.* An arrest warrant for Daniel, who resides in New York, has been issued, as has an Interpol Red Notice identifying Daniel as a suspect wanted for the murder of Decedent. *Id.*

In parallel with the criminal proceedings pending against Daniel (the "**Brazilian Criminal Proceedings**"), probate proceedings are taking place in Brazil (the "**Brazilian Probate Proceedings**"). *Id.* ¶ 11. In the probate proceeding and in accordance with the Decedent's last will and testament in Brazil, Mr. Cláudio Costa is acting as the executor of Decedent's Brazilian estate. *Id.* Decedent's Brazilian will disinherited Daniel and, with a few exceptions, left everything he had to be held in trust for their son. *Id.* ¶ 12. Daniel has asserted claims to Brent's Brazilian properties and has also filed notice of his intent to claim a right of election against the Estate of Brent Sikkema in the United States (Decedent's U.S. will likewise disinherited Daniel). *Id.* In addition, through his Brazilian attorney, Daniel has intervened in the Brazilian Probate Proceedings to assert spousal rights, arguing that Decedent could not have designated his son as the sole inheritor of his Brazilian properties. *Id.* ¶ 13. Remarkably, Daniel's Brazilian attorney, Fabiana Marques, has also petitioned the Brazilian Courts to have Daniel named as the Decedent's Brazilian executor, notwithstanding that Mr. Costa was named in the decedent's will. *Id.* ¶ 14. The probate proceedings remain ongoing. *Id.*

The Brazilian Public Prosecutor's office (the "**Public Prosecutor**") overseeing the criminal investigation has issued a formal statement seeking to intervene in the Brazilian Probate Proceedings in order to safeguard the interests of the Decedent's minor son. *Id.* ¶ 15. In addition, the Public Prosecutor has recommended the suspension of proceedings until such time that the

transfer of the complete criminal investigatory files takes place. *Id.* That process remains ongoing. *Id.*

A key part of the Brazilian Probate Proceedings will be an inventory of the Decedent's Brazilian assets, all of which will be destined for Decedent's minor son. *Id.* ¶16. Petitioner, consistent with his obligation to marshal, inventory, and ensure the proper distribution of the Decedent's properties, has a strong interest in ensuring that the Brazilian Probate Proceedings are able to accurately investigate and identify any assets that properly belong to the Decedent's estate. *Id.* ¶ 17. Because Daniel was known to rely entirely on the Decedent's income to support his lifestyle, Petitioner is concerned that Daniel may have stolen or otherwise transferred funds properly belonging to the Decedent, which may have been illicitly transferred to Brazil (or elsewhere) or which may even have been used to pay the contract killer. *Id.* ¶ 18. The evidence obtained pursuant to this Application shall be used in furtherance of both of the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings in order to ensure that Daniel—who masterminded and procured the Decedent's murder—is not able to keep any funds stolen from Decedent and to identify any of Decedent's funds that might have been transferred to Brazil or foreign accounts used to pay the contract killer and/or his accomplices. *Id.* ¶ 19. This discovery is essential since Petitioner may be unable through the domestic probate proceedings to protect and/or recover assets belonging to the Decedent that were improperly transferred abroad and because Daniel may, even now, be attempting to steal, hide or otherwise maliciously appropriate these funds, which should be destined for the Decedent's son. *Id.* ¶ 20.

## **DISCOVERY TO BE REQUESTED**

Petitioner, who is an interested person with respect to both the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings, therefore intends to seek disclosure from

various entities acting as custodians of records that could be relevant to the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings.

The targets of the proposed subpoenas, copies of which are attached hereto as Exhibits B-E are the following:

      i.      The Western Union Company

      ii.     Charter Communications, Inc.

      iii.    Google LLC

      iv.    Yahoo Inc.

Petitioner will demand production of the materials in support of its anticipated and ongoing foreign proceedings relating to: (i) money transfers made by Daniel to individuals prior to Decedent's death; (ii) email addresses used by Daniel in connection with planning the murder; and (iii) documents concerning IP addresses used by Daniel in connection with the murder.

Petitioner intends to use the materials obtained through this Application in the Brazilian Probate and Criminal Proceedings as set forth above.

## ARGUMENT

Section 1782 of Title 28 of the United States Code permits the United States District Courts to grant discovery for use in a foreign proceeding. The statute, in relevant part, states:

> The district court of the district in which a person resides or is found may order him to give his testimony or statement or to produce a document or other thing for use in a proceeding in a foreign or international tribunal . . . . The order may be made . . . upon the application of any interested person . . . .

28 U.S.C. § 1782(a). The goals of this statute are twofold: "provid[e] efficient means of assistance to participants in international litigation in our federal courts and encourage[e] foreign countries by example to provide similar means of assistance to our courts." *In re FourWorld Cap. Mgmt. LLC*, No. CV 23-1460-GBW, 2024 WL 1637400, at *8 (D. Del. Apr. 16, 2024) (cleaned up).

4

When a court finds that the statutory requirements of 28 U.S.C. § 1782 are met, it may, in its discretion, grant an application for discovery. The United States Supreme Court has articulated a number of factors the district courts should consider when weighing an application under Section 1782. As set forth in greater detail below, all these discretionary factors weigh in favor of granting Petitioner the requested discovery.

I.  **PETITIONER SATISFIES THE STATUTORY REQUIREMENTS OF 28 U.S.C. § 1782**

Courts are authorized to grant an application made pursuant to 28 U.S.C. § 1782 where "(1) the person from whom discovery is sought 'resides or is found' within the district; (2) the discovery is 'for use in a proceeding in a foreign or international tribunal'; and (3) the application is made by an 'interested person.'" *SPS Corp I, Fundo de Investimento em Direitos Creditorios Nao Padronizados v. Gen. Motors Co.*, 110 F.4th 586, 590–91 (3d Cir. 2024). Petitioner's application satisfies all three statutory requirements.

**First**, the banks from which Petitioner intends to procure discovery reside in or are found in this District. Specifically, upon information and belief, The Western Union Company, Charter Communications, Inc., Google LLC, and Yahoo Inc. were all incorporated in this District. *See* Declaration of Gonzalo S. Zeballos ("Zeballos Decl.") ¶¶ 3–6. Therefore, each of these entities to be subpoenaed resides and/or can be found in the District of Delaware within the meaning of the statute.

The Application thus meets the first statutory requirement.

**Second**, the discovery sought is for use in existing proceedings before a foreign tribunal. The Brazilian probate and criminal courts are foreign tribunals within the meaning of the statute. *See In re Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-MC-24-D-BN, 2024 WL 4309481, at *4 (N.D. Tex. Aug. 8, 2024), *report and recommendation adopted sub nom. In re Application*

5

*of Ibiuna Credito Gestao de Recursos Ltda.*, No. 3:24-MC-024-D, 2024 WL 4314985 (N.D. Tex. Sept. 26, 2024) (granting discovery under 28 U.S.C. § 1782 for use in Brazilian criminal proceedings); *In re Pimenta*, 942 F. Supp. 2d 1282, 1289 (S.D. Fla. 2013), *adhered to sub nom. In re de Melo Pimenta*, No. 12-24043-MC, 2013 WL 12157798 (S.D. Fla. Aug. 20, 2013) (granting discovery under 28 U.S.C. § 1782 for use in Brazilian probate proceedings). Petitioner's intended use of the evidence sought in the ongoing Brazilian Probate and Criminal Proceedings in the subpoenas thus satisfies the "for use" requirement of § 1782.

The petition thus meets the second statutory requirement.

**Third**, Petitioner is an "interested person" authorized to bring this application because he has a fiduciary duty to ensure that the Brazilian Probate and Criminal Proceedings have all the evidence necessary to ensure the proper administration of the Decedent's estate in Brazil. The statutory term "interested person" encompasses both parties and non-parties to foreign litigation. *Intel Corp. v. Advanced Micro Devices, Inc.*, 542 U.S. 241 at 256 (2004) ("The text of § 1782(a), 'upon the application of any interested person,' plainly reaches beyond the universe of persons designated 'litigant[.]'").

For these reasons, Petitioner meets the three statutory requirements of Section 1782, and thus the Court should turn to the discretionary factors outlined by the Supreme Court in *Intel*.

## II.     THE COURT SHOULD GRANT THE PROPOSED DISCOVERY ORDER

"Once the statutory requirements [of 28 U.S.C. § 1782] are met, a district court is free to grant discovery in its discretion." *Schmitz v. Bernstein Liebhard & Lifshitz, LLP*, 376 F.3d 79, 83–84 (2d Cir. 2004) (cleaned up). The Supreme Court has identified four factors that the district courts are to consider in ruling on a § 1782 application: (1) whether the person from whom discovery is sought is a participant in the foreign proceeding; (2) the nature of the foreign tribunal, the character of the proceeding underway abroad, and the receptivity of the foreign court to federal-

6

court assistance; (3) whether the application conceals an attempt to circumvent foreign proof gathering restrictions of a foreign country; and (4) whether the application is unduly intrusive or burdensome.  *See Intel*, 542 U.S. at 264–65.  Here, all of these factors weigh in favor of granting Petitioner's application.

First, where, as here, discovery is sought from entities that would not participate in the ongoing foreign proceedings, the need for court-ordered discovery is apparent.  As the Supreme Court has explained, "[a] foreign tribunal has jurisdiction over those appearing before it, and can itself order them to produce evidence. In contrast, nonparticipants in the foreign proceeding may be outside the foreign tribunal's jurisdictional reach; hence, their evidence, available in the United States, may be unobtainable absent § 1782(a) aid." *Intel Corp.*, 542 U.S. at 264 (internal citations omitted).  None of the entities that will receive subpoenas pursuant to this Application will be parties to the foreign proceedings.

The second discretionary factor identified by the Supreme Court—the nature of the foreign proceedings and the receptivity of the foreign tribunal to federal court assistance, also favors the granting of this Application.  *Id.*  In considering this factor, "§ 1782 does not authorize a district court to substitute its own assessment of admissibility or discoverability for that of a foreign tribunal."  *In re Ex Parte Application of Eni S.p.A. for an Ord. Pursuant to 28 U.S.C. § 1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*, No. 20-MC-334-MN, 2021 WL 1063390, at *4 (D. Del. Mar. 19, 2021).  Courts should rather "heed only clear statements by foreign tribunals that they would reject Section 1782 assistance." *In re Ex Parte Application of Porsche Automobile Holding SE*, 15-mc-417 (LAK), 2016 WL 702327, at *8 (S.D.N.Y. Feb. 18, 2016) (cleaned up).  A party opposing the petition bears the burden of demonstrating that a foreign court would not be receptive to assistance from a U.S. court.  *In re FourWorld Cap. Mgmt. LLC*,

2024 WL 1637400, at *8. Courts routinely grant Section 1782 applications for evidence intended for the Brazilian courts. *See, e.g.*, *In re Ibiuna Credito Gestao de Recursos Ltda.*, 2024 WL 4309481, at *4 (granting discovery under 28 U.S.C. § 1782 for use in Brazilian criminal proceedings); *In re Pimenta*, 942 F. Supp. 2d 1282 (granting discovery under 28 U.S.C. § 1782 for use in Brazilian probate proceedings).

The third factor—whether the application is an attempt to circumvent any foreign proof-gathering restrictions—also weighs in favor of granting discovery. This does not require the applicant to have first sought the requested discovery in the foreign tribunal; "courts may grant Section 1782 applications even where the applicant did not first seek discovery in the foreign tribunal . . . or where the information sought was not discoverable under the laws of the foreign country at issue in the foreign proceeding." *In re CI Invs. Inc.*, No. 23 Misc. 434 (GHW) (GS), 2023 WL 8643965, at *5 (S.D.N.Y. Dec. 14, 2023) (cleaned up). Rather, "a court's analysis of this factor hinges on whether a petitioner is pursuing discovery in bad faith." *In re Batbold*, No. 21-MC-218 (RA) (OTW), 2021 WL 4596536, at *4 (S.D.N.Y. Oct. 6, 2021), *aff'd*, No. 21-MC-218 (RA) (OTW), 2023 WL 2088524 (S.D.N.Y. Feb. 17, 2023). As noted above, Petitioner, a non-party to the Brazilian Probate and Criminal Proceedings, has no means to seek this discovery in those actions, and in any event, the targets of the sought-after discovery are located in this jurisdiction.

Finally, this application is not burdensome, and the discovery Petitioner seeks is relevant and proportional to the needs of the case. *In re FourWorld Cap. Mgmt. LLC*, 2024 WL 1637400, at *9. All of the entities are sophisticated with multi-national reach that will almost certainly have document management and retention policies in place. The subpoenas seek relevant documents that are limited to a single individual (including his alias and/or straw man names) and thus are

8

minimally burdensome. Moreover, the fact that the evidence sought is intended to keep assets out of the hands of a murderer and to ensure that any identifiable assets belonging to Decedent shall be preserved for the Decedent's son, overwhelmingly favors the granting of this application.

### III.     THE COURT SHOULD GRANT PETITIONER'S APPLICATION *EX PARTE*

The Court should grant Petitioner's application *ex parte*. Indeed, *ex parte* applications under 28 U.S.C. § 1782 are routinely granted, including in this district. *See See In re Mota*, No. 19-mc-369 (MN), 2020 WL 95493, at *1 (D. Del. Jan. 8, 2020); *In re Ex Parte Application of Porsche Automobil Holding SE for an Ord. Pursuant to 28 U.S.C. §1782 Granting Leave to Obtain Discovery for Use in Foreign Proc.*, No. 15-mc-417 (LAK), 2016 WL 702327, at *5 (S.D.N.Y. Feb. 18, 2016); *In re Application of Gorsoan Ltd. and Gazprombank OJSC for an Order Pursuant to 28 U.S.C. 1782 to Conduct Discovery for Use in a Foreign Proc.*, No. 13 Misc. 397(PGG), 2014 WL 7232262, at *5 (S.D.N.Y. Dec. 10, 2014).

None of the entities will be prejudiced by granting Petitioner's application *ex parte* as they will have an opportunity to challenge the discovery Petitioner is seeking once it is served in the unlikely event that they have any objection to producing the evidence sought in this application. *See In re Mota*, 2020 WL 95493, at *1 ("Discovery applications under § 1782 are often granted *ex parte* because, *inter alia*, witnesses and other recipients can raise objections and otherwise exercise their due process rights by motions to quash." (cleaned up)).

### CONCLUSION

For the foregoing reasons, Petitioner respectfully requests that the Court enter the Proposed Order annexed to the *Ex Parte* Application for an Order Pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings as Exhibit A, and granted Petitioner leave to serve the subpoenas attached to that Application as Exhibits B through E on the respective entities.

| | |
|---|---|
| Dated:  January 9, 2025 | BAKER & HOSTETLER LLP |
| | |
| | <u>/s/  Jeffrey J. Lyons</u> |
| | Jeffrey J. Lyons (#6437) |
| | 1201 North Market Street, Suite 1407 |
| | Wilmington, DE 19801 |
| | (302) 407-4222 |
| | jjlyons@bakerlaw.com |
| | |
| | *Attorneys for James T. H. Deaver, as Executor of the Estate of Brent Sikkema* |