IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| In re *Ex Parte* Application of James T. H. Deaver, as EXECUTOR OF THE ESTATE OF BRENT SIKKEMA, deceased, pursuant to 28 U.S.C. § 1782 to Conduct Discovery for Use in Foreign Proceedings | Case No. _____ |

I, James T. H. Deaver, Esq., as Executor of the Estate of Brent Sikkema, declare under penalty of perjury pursuant to 28 U.S.C. § 1746, that the following is true and correct:

1. I am a partner at the law firm of London Fischer LLP, located at 59 Maiden Laine, New York, New York 10038.

2. On February 23, 2024, I was appointed Executor of the Estate of Brent Sikkema, deceased.

3. I make this declaration in support of my application under 28 U.S.C. § 1782 for discovery in aid of foreign proceedings (the "**Application**"). This declaration is based on my own personal knowledge and my review of documents and records in my possession as the Executor of the Estate of Brent Sikkema.

4. I am submitting the Application in connection with my fiduciary obligations as Executor of the Estate of Mr. Brent Sikkema (the "**Decedent**").

**Factual Background**

5. The Decedent was brutally murdered in Rio De Janeiro on January 14, 2024. Stabbed eighteen times in the face and chest, the Decedent was discovered and declared dead by the Brazilian authorities on January 15, 2024. *See* a true and correct copy of the Final Report of

the Civil Police Secretariat of the State of Rio de Janeiro setting forth the facts of the criminal case, together with a certified translation thereof, attached hereto as **Exhibit 1**.

6.   Following the completion of a detailed investigation by the Brazilian law enforcement authorities, the Decedent's surviving husband, Mr. Daniel Sikkema ("**Daniel**"), was identified and charged in Brazil with murder with special circumstances because Daniel hired a contract killer to murder the Decedent. *See* a true and correct copy of the Decision of the Honorable Judge Tula Correa de Mallo dated, February 9, 2024, together with a certified translation thereof, attached hereto as **Exhibit 2**.

7.   According to the Brazilian investigation, Daniel further facilitated the Decedent's murder from New York by sending the killer a key to the Decedent's Brazilian residence so he could execute the murder. Ex. 1 at pg. 14. Daniel and the killer further jointly planned the murder through WhatsApp while Daniel was at all times in New York. *Id.* at pgs. 3, 7–13, 16–17. Additionally, the Brazilian authorities were also able to identify periodic payments sent from Daniel to the killer to help execute the murder. *Id.* at pg. 3.

8.   The Brazilian authorities' conclusions are based, *inter alia*, on the murderer's confession, telephone records, internet records, chats and messages exchanged between Daniel and the murderer, forensic reports, witness testimony, and expert analysis. *See* Exs. 1 and 2.

9.   The motivation behind the murder was marital strife—Daniel and the Decedent were in the midst of a contentious divorce, which included disputes over custody of the minor child and a demand that Decedent pay Daniel $6 Million Dollars. Ex. 1 at pg. 17. Decedent

reported to others that he was afraid that Daniel would kill him—tragically, his worst fear came true.

10. Daniel has been formally charged in Brazil for masterminding the Decedent's murder. *See* Ex. 2. The criminal case in Brazil remains pending. An arrest warrant for Daniel, who resides in New York, has been issued, as has an Interpol Red Notice identifying Daniel as a suspect wanted for the murder of Decedent. *Id.* at pg. 6.

11. In parallel with the criminal proceedings pending against Daniel (the "**Brazilian Criminal Proceedings**"), probate proceedings are taking place in Brazil (the "**Brazilian Probate Proceedings**"). In the probate proceedings and in accordance with the Decedent's last will and testament in Brazil, Mr. Cláudio Costa is acting as the executor of Decedent's Brazilian estate.

12. Decedent's Brazilian will disinherited Daniel and with a few exceptions, left everything he had to be held in trust for their son. Ex. 1 at pg. 17. Daniel has asserted claims to the Decedent's Brazilian properties and has also filed notice of his intent to claim a right of election against the Estate of Brent Sikkema in the United States (Decedent's U.S. will likewise disinherited Daniel).

13. In addition, through his Brazilian attorney, Daniel has intervened in the Brazilian Probate Proceedings to assert spousal rights, arguing that Decedent could not have designated his son as the sole inheritor of his Brazilian properties.

14. Remarkably, Daniel's Brazilian attorney, Fabiana Marques, has also petitioned the Brazilian Courts to have Daniel named as the Decedent's Brazilian executor, notwithstanding that Mr. Costa was named in the Decedent's will. The probate proceedings remain ongoing.

15. The Brazilian Public Prosecutor's office (the "**Public Prosecutor**") overseeing the criminal investigation has issued a formal statement seeking to intervene in the Brazilian Probate

Proceedings in order to safeguard the interests of the Decedent's minor son. In addition, the Public Prosecutor has recommended the suspension of proceedings until such time that the transfer of the complete criminal investigatory files takes place. That process remains ongoing.

16. A key part of the Brazilian Probate Proceedings will be an inventory of the Decedent's Brazilian assets, all of which will be destined for Decedent's minor son.

17. Consistent with my obligation to marshal, inventory, and ensure the proper distribution of the Decedent's properties, I have a strong interest in ensuring that the Brazilian Probate Proceedings are able to accurately investigate and identify any assets that properly belong to the Decedent's estate.

18. Because Daniel was known to rely entirely on the Decedent's income to support his lifestyle, I am concerned that Daniel may have stolen or otherwise transferred funds properly belonging to the Decedent, which may have been illicitly transferred to Brazil (or elsewhere) or which may even have been used to pay the contract killer.

19. The evidence obtained pursuant to this Application shall be used in furtherance of both of the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings in order to ensure that Daniel—who masterminded and procured the Decedent's murder—is not able to keep any funds stolen from Decedent and to identify any of the Decedent's funds that might have been transferred to Brazil or foreign accounts used to pay the contract killer and/or his accomplices.

20. This discovery is essential since I may be unable through the domestic probate proceedings to protect and/or recover assets belonging to the Decedent that were improperly

transferred abroad and because Daniel may, even now, be attempting to steal, hide or otherwise maliciously appropriate these funds, which should be destined for the Decedent's son.

***Discovery to Be Requested***

21. I am an interested person within the meaning of 28 U.S.C. § 1782 with respect to both the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings, and I intend to seek disclosure from various entities acting as custodians of records that could be relevant to the Brazilian Probate Proceedings and the Brazilian Criminal Proceedings.

22. The targets of the proposed subpoenas, copies of which are attached to the Application as Exhibits B through E are the following:

    a. The Western Union Company

    b. Charter Communications, Inc.

    c. Google LLC

    d. Yahoo Inc.

23. The subpoenas will demand production of the materials in support of the anticipated and ongoing foreign proceedings relating to: (i) money transfers made by Daniel to individuals prior to Decedent's death; (ii) email addresses used by Daniel in connection with planning the murder; and (iii) documents concerning IP addresses used by Daniel in connection with the murder.

24. I intend to use the materials obtained through this Application in the Brazilian Probate and Criminal Proceedings as set forth above.

I declare under penalty of perjury that the forgoing is true and correct.

Executed on: January 9, 2025
New York, New York

_____
**James T. H. Deaver, Esq.**